# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **Matthew Pearson**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No:  4:22-cv-01393 |
| | : | |
| | : | JUDGE BENITA Y. PEARSON |
| v. | : | |
| | : | **ANSWER OF LIFETIME ADVISORS,** |
| | **:** | **LLC** |
| | **:** | |
| **Anthony Amatore**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## INTRODUCTION

Plaintiffs' allegations in the Complaint against Defendant Lifetime Advisors, LLC ("Lifetime") are baseless as no Lifetime principals owe any duties to Plaintiffs, except for Defendant Anthony Amatore ("Mr. Amatore") who owes the same duties to Plaintiff Matthew Pearson ("Mr. Pearson") that Mr. Pearson owes to Mr. Amatore. Mr. Amatore has materially fulfilled his duties by acting in good faith to remedy Mr. Pearson's reckless and fraudulent conduct that has jeopardized Plaintiff Tax Strategy Pro, LLC ("TSP") as a going concern. In addition to fraudulently promising tax planning services he knew he could not deliver, Mr. Pearson next attempted to unilaterally hijack TSP's operations by stating to Mr. Amatore that he was cancelling TSP's agreement with Defendant Finances Made Simple, LLC ("FMS") (to process all ERTC business) and moving all ERTC and tax planning processing to his farm in Kentucky. Mr. Pearson's plan was to pay staff $15.00 per hour to replace FMS's highly developed and

1

systematized processing, which is the only aspect of TSP that has not disappointed and remains highly profitable. Mr. Amatore objected to Mr. Pearson's irrational and economically destructive intentions, but Mr. Pearson ignored Mr. Amatore. At that point, a decision was made to preserve the value in the marketplace that FMS had created by its ERTC processing to make sure that TSP could live up to its commitments to its clients without Mr. Pearson's interference or attempted coup. Accordingly, along with Mr. Amatore, independent business owners and non-parties Ian Grove, Jon LaCasse and Jeffrey Mohlman formed Lifetime. Lifetime was initially formed to preserve a highly successful structure of ERTC processing in case Mr. Pearson had his way in overhauling what was the only good thing going for TSP, and thus, not to compete with TSP, but rather to fulfill TSP's commitments to its clients.

## ANSWER

For its Answer to Plaintiffs' Complaint, Defendant Lifetime Advisors Group, LLC[1] ("Lifetime") by and through its undersigned counsel, denies each and every allegation Plaintiffs assert against it and non-party, Ian Grove (hereinafter referred to as "Mr. Grove") unless it specifically admits or otherwise qualifies its Answer below. Lifetime is only referenced in the following paragraphs, which are the only paragraphs to which Lifetime is required to respond: ¶ ¶ 6, 12, 15, 40 – 45, 50, 55, 57, 62. 94, 102. Thus, Lifetime asserts it lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Defendants other than itself, or as to the truth of the allegations that do not pertain to it or Mr. Grove, and therefore, Lifetime

---

[1] Plaintiffs' Complaint caption incorrectly names Lifetime Advisors Group, LLC as Defendant, but the allegations in the body of the Complaint are all against Lifetime Advisors, LLC. Lifetime Advisors, LLC is a separate entity from Lifetime Advisors Group, LLC and was formed on June 20, 2022, in relation to Mr. Pearson's interference with TSP's business. Thus, this Answer is actually being filed on behalf of Lifetime Advisors, LLC with the expectation that Plaintiffs will seek leave to amend the caption to identify the correct party – Lifetime Advisors, LLC. Neither Lifetime Advisors Group, LLC nor Lifetime Advisors, LLC will object to such a request by Plaintiffs.

expressly denies the same, unless it specifically admits or otherwise qualifies its Answer as follows:

NATURE OF THE ACTION

Lifetime denies all allegations and implications that it acted improperly toward Plaintiffs and denies any legal or equitable basis exists to support Plaintiffs' Complaint against Lifetime.

THE PARTIES

1.    **Averments do not pertain to Lifetime** and accordingly, Lifetime has no obligation to respond; to any extent a response is required, Lifetime is **without sufficient knowledge or information** to determine the truth or falsity of the averment, and therefore, denies the same under the rules.

2.    Incorporate response to ¶ 1.

3.    Incorporate response to ¶ 1

4.    Incorporate response to ¶ 1.

5.    Incorporate response to ¶ 1.

6.    Admit.

7.    Incorporate response to ¶ 1.

8.    Incorporate response to ¶ 1.

JURISDICTION AND VENUE

9.    Admit to jurisdiction per Stipulation filed August 15, 2022 with the Court; paragraph 9 purports to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**.

10.     Admit to jurisdiction per Stipulation filed August 15, 2022 with the Court; paragraph 10 purports to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**.

11.     Incorporate response to ¶ 1.

12.     Admit to jurisdiction per Stipulation filed August 15, 2022 with the Court. Deny any basis for jurisdiction other than Stipulation. Paragraph 12 purports to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same.

13.     Incorporate response to ¶ 1.

14.     Incorporate response to ¶ 1.

15.     Admit to venue per Stipulation filed August 15, 2022 with the Court. Allegations contained in paragraph 15 purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same.

## FACTUAL BACKGROUND

16.     Incorporate response to ¶ 1.

17.     Incorporate response to ¶ 1.

18.     Incorporate response to ¶ 1.

19.     Incorporate response to ¶ 1.

20.     Incorporate response to ¶ 1.

21.     Incorporate response to ¶ 1.

22.     Incorporate response to ¶ 1.

23.     Incorporate response to ¶ 1.

24.    Incorporate response to ¶ 1.

25.    Incorporate response to ¶ 1.

26.    Incorporate response to ¶ 1.

27.    Incorporate response to ¶ 1.

**Mr. Amatore Sells His Business to RE-MMAP**

28.    Incorporate response to ¶ 1.

29.    Incorporate response to ¶ 1.

30.    Incorporate response to ¶ 1.

31.    Incorporate response to ¶ 1.

32.    Incorporate response to ¶ 1.

33.    Incorporate response to ¶ 1.

34.    Incorporate response to ¶ 1.

35.    Incorporate response to ¶ 1.

36.    Incorporate response to ¶ 1.

37.    Incorporate response to ¶ 1.

38.    Incorporate response to ¶ 1.

**Mr. Amatore Forms an LLC to Compete with TSP**

39.    Incorporate response to ¶ 1.

40.    Admit Lifetime Advisors, LLC was primarily formed to attempt to avoid complaints and lawsuits from aggrieved TSP clients for whom Mr. Pearson failed to complete promised work. Deny characterization of competition as improper since FMS and SMP, AIA, JDV

5

Consulting[2], Amatore & Co. and RE-MMAP are all separate, distinct and independent companies that provide similar services in competition with each another.

41.     Deny TSP titles alleged for non-parties Ian Grove, Jon LaCasse, Tommy Brown and Jeff Mohlman, none of whom owe any duty to TSP and none of whom are subject to any alleged form of TSP-anticompetitive restrictions. Mr. Amatore has not performed any duties for Lifetime (see Introduction).

42.     Incorporate response to ¶ 1.

43.     Incorporate response to ¶ 1.

44.     Incorporate response to ¶ 1.

45.     Incorporate response to ¶ 1.

46.     Incorporate response to ¶ 1.

**FIRST CLAIM FOR RELIEF**
**Breach of Fiduciary Duty**
**(Mr. Amatore)**

47.     Lifetime realleges and reasserts the paragraphs above as though fully restated herein.

48.     Incorporate response to ¶ 1.

49.     Incorporate response to ¶ 1.

50.     Paragraph purports to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same.

---

[2] JDV Consulting is owned by Ian Grove; it has always been the recipient of fees paid by TSP. JDV Consulting is a consulting operation that generates business for legal support and accounting teams. It was operating as such prior to receiving fees from TSP.  Further, Ian Grove has a contract for ERTC with American Incentive Advisors (AIA) and KBKG and has had both of these selling agreements in force before and during receipt of revenue from TSP.

51.     Incorporate response to ¶ 1.

52.     Incorporate response to ¶ 1.

## SECOND CLAIM FOR RELIEF
### Tortious Interference with Contract
### (All Defendants)

53.     Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 53 through 59 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1. As for Lifetime, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same for paragraphs 53 through 59.

54.     Incorporate response to ¶ 53.

55.     Incorporate response to ¶ 53.

56.     Incorporate response to ¶ 53.

57.     Incorporate response to ¶ 53.

58.     Incorporate response to ¶ 53.

59.     Incorporate response to ¶ 53.

## THIRD CLAIM FOR RELIEF
### Tortious Interference with Business Relationships
### (All Defendants)

60.     Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 60 through 65 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1. As for Lifetime, the allegations purport to **state legal**

**conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same for paragraphs 60 through 65.

     61.    Incorporate response to ¶ 60.

     62.    Incorporate response to ¶ 60.

     63.    Incorporate response to ¶ 60.

     64.    Incorporate response to ¶ 60.

     65.    Incorporate response to ¶ 60.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.**
**(All Defendants)**

     66.    Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 66 through 75 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1. As for Lifetime, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same for paragraphs 66 through 75.

     67.    Incorporate response to ¶ 66.

     68.    Incorporate response to ¶ 66.

     69.    Incorporate response to ¶ 66.

     70.    Incorporate response to ¶ 66.

     71.    Incorporate response to ¶ 66.

     72.    Incorporate response to ¶ 66.

     73.    Incorporate response to ¶ 66.

     74.    Incorporate response to ¶ 66.

75.    Incorporate response to ¶ 66.

## FIFTH CLAIM FOR RELIEF
### Violation of Ohio Uniform Trade Secrets Act
### (All Defendants)

76.    Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 76 through 83 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1. As for Lifetime, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same for paragraphs 76 through 83.

77.    Incorporate response to ¶ 76.

78.    Incorporate response to ¶ 76.

79.    Incorporate response to ¶ 76.

80.    Incorporate response to ¶ 76.

81.    Incorporate response to ¶ 76.

82.    Incorporate response to ¶ 76.

83.    Incorporate response to ¶ 76.

## SIXTH CLAIM FOR RELIEF
### Breach of Contract
### (Mr. Amatore)

84.    Lifetime realleges and reasserts the paragraphs above as though fully restated herein.

85.    Allegations in paragraph 84 through 90 **do not pertain to Lifetime** and accordingly, Lifetime has no obligation to respond; to any extent a response is required, Lifetime incorporates response to ¶ 1.

86.     Incorporate response to ¶ 85.

87.     Incorporate response to ¶ 85.

88.     Incorporate response to ¶ 85.

89.     Incorporate response to ¶ 85.

90.     Incorporate response to ¶ 85.

**SEVENTH CLAIM FOR RELIEF**
**Breach of Contract**
**(FMS and SMP)**

91.     Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 91 through 96 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1 for paragraphs 91 through 96.

92.     Incorporate response to ¶ 91.

93.     Incorporate response to ¶ 91.

94.     Incorporate response to ¶ 91.

95.     Incorporate response to ¶ 91.

96.     Incorporate response to ¶ 91.

**EIGHTH CLAIM FOR RELIEF**
**Civil Theft**
**(Mr. Amatore)**

97.     Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 97 through 100 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1 for paragraphs 97 through 100.

98.     Incorporate response to ¶ 97.

10

99.     Incorporate response to ¶ 97.

100.    Incorporate response to ¶ 97.

**NINTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(All Defendants)**

101.    Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 101 through 104 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1. As for Lifetime, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same for paragraphs 101 through 104.

102.    Incorporate response to ¶ 101.

103.    Incorporate response to ¶ 101.

104.    Incorporate response to ¶ 101.

**TENTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Mr. Amatore)**

105.    Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 105 through 108 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1 for paragraphs 105 through 108.

106.    Incorporate response to ¶ 105.

107.    Incorporate response to ¶ 105.

108.    Incorporate response to ¶ 105.

*///*

## ELEVENTH CLAIM FOR RELIEF
### Promissory Estoppel
### (FMS and SMP)

109.    Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 109 through 115 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1 for paragraphs 109 through 115.

110.    Incorporate response to ¶ 109.

111.    Incorporate response to ¶ 109.

112.    Incorporate response to ¶ 109.

113.    Incorporate response to ¶ 109.

114.    Incorporate response to ¶ 109.

115.    Incorporate response to ¶ 109.

## TWELFTH CLAIM FOR RELIEF
### Promissory Estoppel
### (Mr. Amatore)

116.    Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 116 through 122 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1 for paragraphs 116 through 122.

117.    Incorporate response to ¶ 116.

118.    Incorporate response to ¶ 116.

119.    Incorporate response to ¶ 116.

120.    Incorporate response to ¶ 116.

121.    Incorporate response to ¶ 116.

122.    Incorporate response to ¶ 116.

### THIRTEENTH CLAIM FOR RELIEF
#### Accounting
#### (All Defendants)

123.    Lifetime realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 123 through 129 **pertain to other defendants**, Lifetime has no obligation to respond, but to any extent a response is required, Lifetime incorporates response to ¶ 1. As for Lifetime, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, Lifetime denies the same for paragraphs 123 through 129.

124.    Incorporate response to ¶ 123.

125.    Incorporate response to ¶ 123.

126.    Incorporate response to ¶ 123.

127.    Incorporate response to ¶ 123.

128.    Incorporate response to ¶ 123.

129.    Incorporate response to ¶ 123.

### LIFETIME'S AFFIRMATIVE DEFENSES.

As one of several named Defendants in a multiple-Plaintiff, multiple-Defendant action in which Plaintiffs have alleged Defendants have acted as "co-conspirators" (Nature of Action above), Lifetime reserves the right to assert any affirmative defense or counterclaim that any other Defendant asserts at any time.

130.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Lifetime's principals at all times acted in good faith, and reasonably

believed their conduct was in the best interests of TSP and TSP's clients. Further, TSP owns **no goodwill** in any FMS or SMP client or agent relationships; therefore, TSP has **no legitimate business interest in any alleged confidential information** and thus **no basis** to assert any restrictive covenant against FMS or SMP. Plaintiffs' Exhibits A & B to the Complaint are only Referral Fee Agreements with SMP and FMS; Plaintiffs mischaracterize them as granting TSP a right to enforce restrictive covenants as to SMP's FMS's agents, which the Agreements do not address. Other Lifetime principals owe no duty to TSP or Plaintiffs; Mr. Amatore acted at all times in good faith to protect TSP and its clients.

131.    Plaintiffs have **failed to join all necessary parties** in this action required to accord complete relief among existing parties.

132.    To the extent Plaintiffs actually sustained any damages, such damages were **contributed to or caused by Plaintiffs' own acts, omissions**, or **acts of others over whom Plaintiffs exercised control** and whose conduct cannot be imputed to Lifetime.

133.    Plaintiffs' **failure to mitigate** is the sole cause of any alleged damages.

134.    Plaintiffs are **estopped** from prevailing on any claims due to their own fraud, breaches of contract, breach of fiduciary duty, material misrepresentations, tortious interference with contracts and business relationships, attempting to convert or steal FMS's and SMP's agent base and client relationships which has caused irreparable harm to FMS's and SMP's reputations.

135.    Plaintiffs' claims are **barred by the doctrine of unclean hands** as Mr. Pearson is actively competing against FMS by soliciting FMS's top agents. Pearson continues to fraudulently promise to prospective clients completed work with no basis to do so, exposing TSP and Defendants to continued acute risk of litigation.

136.    Plaintiffs' claims may be **time barred** by applicable **statute of limitations** and/or **repose** and/or by the doctrines of **estoppel, laches** and **unclean hands**.

137.    **Justification**. All actions Lifetime principals took were in good faith and justified under the circumstances to primarily help clients and secondarily to preserve the parties' business interests.

138.    **Consent, estoppel, ratification and waiver**. Plaintiff Pearson on behalf of TSP engaged FMS to take over all ERTC processing. TSP and FMS orally agreed to terms of compensation for FMS to complete this work; there is no written contract. Plaintiff TSP and Pearson ratified the deal by word and deed for more than a year by accepting the benefits of this arrangement. TSP failed to exercise any reasonable efforts whatsoever to keep and maintain any alleged confidential information in having FMS process the ERTC line of business. Why? Because the entire process, start to finish, represents FMS's intellectual property and trade secrets. Thus, TSP and Pearson have no standing to assert a trade secret misappropriation claim against FMS. All technology, design, process, procedure, formula, compilations, methods, techniques and improvements, collectively "systems" are owned and controlled by FMS. In fact, this was the entire basis of Mr. Pearson's protestations in Plaintiffs' motion for Temporary Restraining Order and Preliminary Injunction (See Compl. ¶ 44 "Mr. LaCasse also cut Mr. Pearson out of any operational communications. . . ."). If TSP had taken the required "reasonable measures to keep secret" this information, obviously Mr. LaCasse could not have "cut out" Mr. Pearson. The entire assertion defies logic. Further, FMS already by proper means knew this information, *i.e.*, FMS agents and their client referrals, who could have processed the business through a provider of their choice other than TSP, thus obtaining an economic benefit having nothing to do with TSP. These facts are fatal to Plaintiffs' federal and state trade secrets claims for the simple fact that TSP was

not the owner of this information; FMS was[3]. Thus, FMS's access and knowledge was always and only by proper means, such that Plaintiffs cannot prevail on these counts since they cannot prove this information "derives independent economic value" from "not being readily ascertainable by proper means." All ERTC processing was developed, maintained and improved upon by FMS, deploying its efforts and its money in obtaining and developing the information. Because Plaintiffs TSP and Mr. Pearson consented to FMS building these processes and systems, not only is TSP not the owner as required for standing to assert a Trade Secrets claim, but TSP and Pearson must be deemed to have waived any objection to FMS's ownership and use of FMS's own systems, having ratified the same by consenting to FMS's processing and enjoying the highly profitable benefits FMS created for TSP, such that Plaintiffs must be estopped from complaining now.

139.   **Frustration of Purpose**. TSP agreed to pay SMP for client referrals. In reliance on TSP's promises, SMP shared its agents with TSP, who along with Mr. Mohlman personally, all referred clients to TSP for tax planning. To date, TSP has failed to pay contracted for referral fees to Mr. Mohlman. Mr. Pearson's purposeful decision not to pay SMP for these referrals occurred without SMP's fault and based on information and belief, due to Mr. Pearson's derision toward Mr. Mohlman for his sexual orientation. Pearson's reneging on paying SMP contracted for and due referral fees was a basic assumption that would not occur when SMP and TSP executed the Agreement. Pearson's promise to provide contracted for tax plans and pay SMP referral fees was so integral to SMP's decision to refer clients and share its agents with TSP that SMP would not

---

[3] "Because the goodwill of those clients was not acquired through the expenditure of BDO's resources, the firm has no legitimate interest in preventing defendant from competing for their patronage. Indeed, enforcement of the restrictive covenant as to defendant's personal clients <u>would permit BDO **to appropriate goodwill** created and maintained through defendant's efforts,</u> essentially turning on its head the principal justification to uphold any employee agreement not to compete based on protection of customer or client relationships. *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 393, 712 N.E.2d 1220 (1999) (**<u>emphasis added</u>**)."

have made these referrals or shared its agent with TSP but for Mr. Pearson's promises. Due to Mr. Pearson's breach of these promises, causing many referred clients and agents to complain to SMP regarding their fears of not having their plans implemented or returns completed by the fast-approaching tax deadlines, SMP has had to perform work to address the complaints, all to attempt to rehabilitate its and TSP's reputation. Plaintiff Pearson has not taken any meaningful action to service these clients so the only way for them to have their returns completed on time was for Mr. Amatore to do the work. These changes substantially frustrated the purpose of the Agreement, which renders the Agreement voidable by SMP.

140.  **Illegality and Fraud**. Plaintiff TSP through Plaintiff Pearson makes serial false representations to prospective clients to inveigle them to part with their funds to pay an advance fee for tax planning with no plan or process to deliver those plans. Pearson's statements are false when made, and clients rely on them to their detriment. Mr. Pearson's fraudulent and illegal actions have caused substantial harm to TSP, named defendants, and to clients who complain and demand refunds, who have to seek out other professionals for the work they need completed. For his fraudulent and illegal conduct, Plaintiff TSP through Plaintiff Pearson should be barred from obtaining any relief.

141.  **Failure of Consideration**. To any extent the Referral Fee Agreements with FMS and SMP provide a basis for Plaintiff TSP or Mr. Pearson to attempt to enforce a form of restrictive covenant against FMS or SMP, the Agreements are unenforceable due to **failure of consideration** for the acquisition of FMS's and SMP's goodwill in their client and agent relationships, which TSP and Mr. Pearson must own to have standing to attempt to claim any rights to enforce any alleged violation of Trade Secrets.

17

142. **Accord and Satisfaction**. To any extent Plaintiffs TSP and Pearson legally acquired title to FMS's and SMP's goodwill in their client and agent relationships in the Agreement or other accord, Plaintiffs failed to compensate FMS and SMP for this acquisition from which Plaintiff has already substantially profited over the duration of FMS's and SMP's referral relationship with Plaintiffs; therefore, the court may exercise its equitable powers to deem any Plaintiff suffered damages as already fully satisfied. And to any extent the Court finds Plaintiff has retained an amount in excess of any complained of damages, Lifetime on behalf of FMS and SMP requests judgment of that excess amount in their favors pursuant to the contents of this Answer.

143. **Unconscionability**. It is unconscionable for Plaintiffs TSP and Pearson to attempt to prevent FMS and SMP from working with their own clients and agents, which also represents Plaintiffs' unconscionable effort to prevent these clients and agents from working with the professionals of their own choosing.

144. **Unreasonable** restrictive covenants are **not enforceable** due to being overbroad, ambiguous, unintelligible at least as to definition, interpretation and application regarding "confidential information" and definition of "vendor," rendering them unenforceable.

145. **Anticompetitive and restrictive covenants** are unenforceable as against public policy with the effect of preventing FMS and SMP from realizing their rights to earn a living in their chosen professions.

146. Enforcing the restrictive covenants against FMS and SMP would cause them to incur **undue hardship** and deprive them of their Constitutional rights to earn a living in their chosen professions. Further, the terms of a contract will not be construed so as to lead to a harsh and absurd result.

147.   In the alternative, to the extent Plaintiffs suffered any damages, such damages were due to **intervening and superseding causes** outside of Defendants' control and for which Defendants are not liable.

148.   **Reservation of right to assert other affirmative defenses not already pled** as permitted by law and to otherwise amend or supplement this Answer and Affirmative Defenses upon discovery of facts or evidence rendering such action appropriate or prudent and/or as permitted by the Court.

## RELIEF REQUESTED

WHEREFORE, Lifetime requests that the Court deny Plaintiffs their requested relief and Order that Plaintiffs take nothing for their pretended causes of action:

a.   Deny Plaintiffs' request to Enjoin Defendants from misappropriating TSP's trade secret information by soliciting business from TSP clients;

b.   Deny Plaintiffs' request to Enjoin Defendants from soliciting or hiring TSP's agents and contractors;

c.   Deny Plaintiffs' request to Enjoin Mr. Amatore from violating his fiduciary duty and order him to reinstate access to all TSP assets, including access to TSP computer Systems and financial accounts;

d.   Deny any award of damages to TSP and Mr. Pearson for pretend harm caused by Defendants' interference with TSP's contracts (Count Two);

e.   Deny any award of damages to TSP and Mr. Pearson for pretend harm caused by Defendants' interference with TSP's business relationships (Count Three);

f.   Deny any award of damages to RE-MMAP for pretend harm caused by Mr. Amatore's alleged breach of the BSA (Count Six);

19

g.  Deny any award of damages to TSP for pretend harm allegedly caused by FMS's and SMP's alleged breach of the Referral Fee Agreement (Count Seven);

h.  Deny any award of damages to TSP for pretend harm allegedly caused by Mr. Amatore's alleged Civil Theft (Count Eight);

i.  Deny Plaintiffs' request for an Order requiring Lifetime Advisors to disgorge all revenues and deposit such revenues to TSP;

j.  Deny Plaintiffs' request for an Order requiring Lifetime Advisors to immediately cease operations;

k.  Deny Plaintiffs' request for an Order requiring Lifetime Advisors to terminate all contracts with agents, advisors, consultants, and clients who had relationships with TSP;

l.  Deny Plaintiffs' request for an Order requiring an accounting to determine the state of TSP's accounts and its pecuniary losses;

m.  Deny Plaintiffs' request for an award of punitive damages;

n.  Deny Plaintiffs' request for an award of their attorneys' fees, expenses, and costs incurred from this action; and

o.  Deny Plaintiffs any other relief.

Respectfully submitted by,


Date: September 6, 2022

By: */s/Marnie Lambert*
Marnie Lambert (0073054)
Lambert Law Firm, LLC
4889 Sawmill Road
Suite 125
Columbus, Ohio 43235
Phone: (614) 504-8803
mlambert@mclinvestlaw.com

*Attorney for Defendants*

20

Anthony Amatore,
Lifetime Advisors Group, LLC,
Finances Made Simple, LLC and
SMP Strategies, LLC