# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **Matthew Pearson**, *et al.*, | : | |
| | : | |
| Plaintiffs/Counterclaim Defendants, | : | Case No:  4:22-cv-01393 |
| | : | |
| | : | JUDGE BENITA Y. PEARSON |
| v. | : | |
| | : | **ANSWER OF DEFENDANT** |
| | : | **SMP STRATEGIES, LLC** |
| | : | **AND COUNTERCLAIMS** |
| **Anthony Amatore**, *et al.*, | : | |
| | : | |
| Defendants/Counterclaimants | : | |

## INTRODUCTION

Plaintiffs' allegations in the Complaint against Defendant SMP Strategy, LLC ("SMP" are all predicated on Plaintiffs' Exhibit A to the Complaint, the Referral Fee Agreement between Plaintiff Tax Strategy Pro, LLC ("TSP") and SMP dated February 11, 2021. The agreement addresses SMP's referrals of its clients to TSP for tax planning. The agreement does not address SMP's agents, whom SMP allowed and encouraged to refer tax planning clients to TSP. A significant number of the ERTC client referrals came from SMP agents' referrals. SMP shared its agents, confidential information and processes with TSP; not the other way around. TSP never shared any confidential information with SMP. SMP has no knowledge of TSP's alleged vendors. TSP ostensibly has failed to treat any conceivable confidential information or alleged trade secrets with the requisite precautions to establish a viable claim against SMP for any conduct alleged in the Complaint against SMP. Plaintiffs' Complaint against SMP is entirely frivolous and

1

Defendants fully expect to prevail on having Plaintiff's claims dismissed for failure to state a claim upon which relief can be granted because SMP owes no duty to TSP or Matthew Pearson.

On the other hand, TSP has breached the Exhibit A to the Complaint, the Referral Fee Agreement with SMP, by not paying any compensation to SMP for Jeffrey Mohlman's ("Mr. Mohlman") personal referrals, as well as SMP's Agents' client referrals. SMP believes TSP owes SMP an amount in excess of $50,000, which specific amount SMP will prove at trial.

## ANSWER

For its Answer to Plaintiffs' Complaint, and for its Counterclaims against Plaintiff/Counterclaim Defendant Matthew Pearson, Defendant/Counterclaimant SMP Strategies, LLC ("SMP") by and through its undersigned counsel denies each and every allegation Plaintiffs assert against SMP and non-party Mr. Mohlman unless it specifically admits or otherwise qualifies its Answer below.  Further, SMP asserts it lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Defendants other than SMP, or that do not pertain to SMP or Mr. Mohlman, and therefore, SMP expressly denies the same, unless SMP specifically admits or otherwise qualifies its Answer as follows:

NATURE OF THE ACTION

SMP denies all allegations and implications that it acted improperly toward Plaintiffs and denies any legal or equitable basis exists to support Plaintiffs' Complaint against SMP.

THE PARTIES

1.    SMP is **without sufficient knowledge or information** to determine the truth or falsity of the averment, and therefore, denies the same under the rules.

2.    Incorporate response to ¶ 1.

3.    Incorporate response to ¶ 1

2

4.     Incorporate response to ¶ 1.

5.     Allegations in paragraph 1 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP denies the same.

6.     Admit.

7.     Incorporate response to ¶ 1.

8.     Admit.

<u>JURISDICTION AND VENUE</u>

9.     Admit to jurisdiction per Stipulation filed August 15, 2022 with the Court; paragraph 9 purports to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same to the extent SMP can speak for Defendant Lifetime Advisors.

10.     Admit to jurisdiction per Stipulation filed August 15, 2022 with the Court; paragraph 10 purports to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**.

11.     Allegations in paragraph 11 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP denies the same.

12.     Admit to jurisdiction per Stipulation filed August 15, 2022 with the Court. Deny any basis for jurisdiction other than Stipulation. Paragraph 12 purports to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same to the extent SMP can speak for Defendant Lifetime Advisors.

13.     Allegations in paragraph 13 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP denies the same.

14.     Admit to jurisdiction per Stipulation filed August 15, 2022 with the Court. Deny any basis for jurisdiction other than Stipulation. Paragraph 14 purports to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same.

15.     Admit to venue per Stipulation filed August 15, 2022 with the Court. Allegations contained in paragraph 15 purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same.

**FACTUAL BACKGROUND**

16.     Admit.

17.     Incorporate response to ¶ 1.

18.     Allegations in paragraph 18 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP denies the same.

19.     Incorporate response to ¶ 18.

20.     Incorporate response to ¶ 1.

21.     Deny; TSP is in effect, a broker or conduit through which referral sources refer clients for the processing of the ERTC tax credit and tax planning. Any specialization belongs to FMS as the ERTC; any specialization for tax planning belongs to Mr. Amatore, as the only person authorized to execute the Form 941 to claim the credit. Admit Congress passes laws.

22.     Allegations in paragraph 22 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP incorporates response to ¶ 1.

23.     Incorporate response to ¶ 22.

4

24. Admit TSP associates with various independent contractors and agents known as referral sources, but ERTC business is processed by FMS. Admit FMS pays all referral fees to ERTC client referral sources (See Response to ¶ 21 herein). Deny anything not admitted.

25. Admit SMP entered into a *Referral of **clients'** agreement* with TSP. Deny the Agreement addresses SMP agents. Averment mischaracterizes both express language of the confidentiality clause and its import. As for mischaracterization, averment falsely asserts Agreement states SMP "would" be shared confidential information; the Agreement states, "it may be necessary." It never was necessary and SMP denies TSP ever shared any confidential information with SMP for any reason, let alone "in order for Referrer to seek out potential referrals." (Exh. B to the Complaint, I.V. Confidentiality). As for legal import, deny this Agreement supports any claims in Complaint against SMP. Otherwise, allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same.

26. Allegations contained in paragraph 26 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP denies the same.

27. To the extent allegations contained in paragraph 27 **do not pertain to SMP**, SMP has no obligation to respond. As to FMS, SMP is **without sufficient knowledge or information** to determine the truth or falsity of the averment, and therefore, denies the same under the rules. As to SMP, admit SMP and its agents authored Letters of Engagement with potential clients to refer to TSP.

### Mr. Amatore Sells His Business to RE-MMAP

28. Allegations in paragraphs 28-38 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; otherwise, SMP is **without sufficient knowledge or information** to

determine the truth or falsity of the remaining averments, and therefore, denies the same under the rules.

29.  Incorporate response in ¶ 28.

30.  Incorporate response in ¶ 28.

31.  Incorporate response in ¶ 28.

32.  Incorporate response in ¶ 28.

33.  Incorporate response in ¶ 28.

34.  Incorporate response in ¶ 28.

35.  Incorporate response in ¶ 28.

36.  Incorporate response in ¶ 28.

37.  Incorporate response in ¶ 28.

38.  Incorporate response in ¶ 28.

**Mr. Amatore Forms an LLC to Compete with TSP**

39.  Allegations in paragraph 39 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP incorporates response to ¶ 1.

40.  Admit Lifetime Advisors, LLC was primarily formed to attempt to avoid complaints and lawsuits from aggrieved TSP clients for whom Mr. Pearson failed to complete promised work. Deny characterization of competition as improper since FMS, SMP, AIA, JDV Consulting, Amatore & Co. and RE-MMAP are all separate, distinct and independent companies that provide similar services in competition with each another.

41.  To the extent allegations in paragraph 41 **do not pertain to SMP**, SMP has no obligation to respond; otherwise, SMP is **without sufficient knowledge or information** to determine the truth or falsity of averments concerning Mr. Amatore, Ian Grove, Tommy Brown

6

and Jon LaCasse. SMP denies TSP gave Mr. Mohlman any title or that he used any TSP title; deny any assertion or implication SMP is subject to any form of TSP-anticompetitive restrictions.

42.     Allegations in paragraph 42 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP incorporates response to ¶ 1.

43.     Incorporate response to ¶ 42.

44.     Incorporate response to ¶ 42.

45.     Allegations in paragraph 45 purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same.

46.     Incorporate response to ¶ 42.

### FIRST CLAIM FOR RELIEF
### Breach of Fiduciary Duty
### (Mr. Amatore)

47.     SMP realleges and reasserts the paragraphs above as though fully restated herein.

48.     Allegations in paragraph 48 **do not pertain to SMP** and accordingly, SMP has no obligation to respond; to any extent a response is required, SMP incorporates response to ¶ 1.

49.     Incorporate response to ¶ 48.

50.     Incorporate response to ¶ 48.

51.     Incorporate response to ¶ 48.

52.     Incorporate response to ¶ 48.

### SECOND CLAIM FOR RELIEF
### Tortious Interference with Contract
### (All Defendants)

53.     SMP realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 53 through 59 **pertain to other defendants**,

7

SMP has no obligation to respond, but to any extent a response is required, SMP incorporates response to ¶ 1. As for SMP, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same for paragraphs 53 through 59.

54.     Incorporate response to ¶ 53.

55.     Incorporate response to ¶ 53.

56.     Incorporate response to ¶ 53.

57.     Incorporate response to ¶ 53.

58.     Incorporate response to ¶ 53.

59.     Incorporate response to ¶ 53.

### THIRD CLAIM FOR RELIEF
### Tortious Interference with Business Relationships
### (All Defendants)

60.     SMP realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 60 through 65 **pertain to other defendants**, SMP has no obligation to respond, but to any extent a response is required, SMP incorporates response to ¶ 1. As for SMP, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same for paragraphs 60 through 65.

61.     Incorporate response to ¶ 60.

62.     Incorporate response to ¶ 60.

63.     Incorporate response to ¶ 60.

64.     Incorporate response to ¶ 60.

65.     Incorporate response to ¶ 60.

8

**FOURTH CLAIM FOR RELIEF**
**Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.**
**(All Defendants)**

66.     SMP realleges and reasserts the paragraphs above as though fully restated herein.

To the extent allegations contained in paragraphs 66 through 75 **pertain to other defendants**,

SMP has no obligation to respond, but to any extent a response is required, SMP incorporates

response to ¶ 1. As for SMP, the allegations purport to **state legal conclusions**, which are **in**

**dispute** and to which **no response is required and are deemed denied**; to any extent a response

is required, SMP denies the same for paragraphs 66 through 75.

67.     Incorporate response to ¶ 66.

68.     Incorporate response to ¶ 66.

69.     Incorporate response to ¶ 66.

70.     Incorporate response to ¶ 66.

71.     Incorporate response to ¶ 66.

72.     Incorporate response to ¶ 66.

73.     Incorporate response to ¶ 66.

74.     Incorporate response to ¶ 66.

75.     Incorporate response to ¶ 66.

**FIFTH CLAIM FOR RELIEF**
**Violation of Ohio Uniform Trade Secrets Act**
**(All Defendants)**

76.     SMP realleges and reasserts the paragraphs above as though fully restated herein.

To the extent allegations contained in paragraphs 76 through 83 **pertain to other defendants**,

SMP has no obligation to respond, but to any extent a response is required, SMP incorporates

response to ¶ 1. As for SMP, the allegations purport to **state legal conclusions**, which are **in**

**dispute** and to which **no response is required and are deemed denied**; to any extent a response

is required, SMP denies the same for paragraphs 76 through 83.

77.     Incorporate response to ¶ 76.

78.     Incorporate response to ¶ 76.

79.     Incorporate response to ¶ 76.

80.     Incorporate response to ¶ 76.

81.     Incorporate response to ¶ 76.

82.     Incorporate response to ¶ 76.

83.     Incorporate response to ¶ 76.

**SIXTH CLAIM FOR RELIEF**
**Breach of Contract**
**(Mr. Amatore)**

84.     SMP realleges and reasserts the paragraphs above as though fully restated herein.

85.     Allegations in paragraph 84 through 90 **do not pertain to** SMP and accordingly,

SMP has no obligation to respond; to any extent a response is required, SMP incorporates response

to ¶ 1.

86.     Incorporate response to ¶ 85.

87.     Incorporate response to ¶ 85.

88.     Incorporate response to ¶ 85.

89.     Incorporate response to ¶ 85.

90.     Incorporate response to ¶ 85.

///

///

///

## SEVENTH CLAIM FOR RELIEF
### Breach of Contract
### (FMS and SMP)

91.     SMP realleges and reasserts the paragraphs above as though fully restated herein.

To the extent allegations contained in paragraphs 91 through 96 **pertain to other defendants**,

SMP has no obligation to respond, but to any extent a response is required, SMP incorporates

response to ¶ 1. As for SMP, the allegations purport to **state legal conclusions**, which are **in**

**dispute** and to which **no response is required and are deemed denied**; to any extent a response

is required, SMP denies the same for paragraphs 91 through 96.

92.     Incorporate response to ¶ 91.

93.     Incorporate response to ¶ 91.

94.     Incorporate response to ¶ 91.

95.     Incorporate response to ¶ 91.

96.     Incorporate response to ¶ 91.

## EIGHTH CLAIM FOR RELIEF
### Civil Theft
### (Mr. Amatore)

97.     SMP realleges and reasserts the paragraphs above as though fully restated herein.

To the extent allegations contained in paragraphs 97 through 100 **pertain to other defendants**,

SMP has no obligation to respond, but to any extent a response is required, SMP incorporates

response to ¶ 1 for paragraphs 97 through 100.

98.     Incorporate response to ¶ 97.

99.     Incorporate response to ¶ 97.

100.    Incorporate response to ¶ 97.

///

11

## NINTH CLAIM FOR RELIEF
### Unjust Enrichment
### (All Defendants)

101.    SMP realleges and reasserts the paragraphs above as though fully restated herein.

To the extent allegations contained in paragraphs 101 through 104 **pertain to other defendants**,

SMP has no obligation to respond, but to any extent a response is required, SMP incorporates

response to ¶ 1. As for SMP, the allegations purport to **state legal conclusions**, which are **in**

**dispute** and to which **no response is required and are deemed denied**; to any extent a response

is required, SMP denies the same for paragraphs 101 through 104.

102.    Incorporate response to ¶ 101.

103.    Incorporate response to ¶ 101.

104.    Incorporate response to ¶ 101.

## TENTH CLAIM FOR RELIEF
### Unjust Enrichment
### (Mr. Amatore)

105.    SMP realleges and reasserts the paragraphs above as though fully restated herein.

To the extent allegations contained in paragraphs 105 through 108 **pertain to other defendants**,

SMP has no obligation to respond, but to any extent a response is required, SMP incorporates

response to ¶ 1 for paragraphs 105 through 108.

106.    Incorporate response to ¶ 105.

107.    Incorporate response to ¶ 105.

108.    Incorporate response to ¶ 105.

///

///

### ELEVENTH CLAIM FOR RELIEF
**Promissory Estoppel**
**(FMS and SMP)**

109.     SMP realleges and reasserts the paragraphs above as though fully restated herein.

To the extent allegations contained in paragraphs 109 through 115 **pertain to other defendants**, SMP has no obligation to respond, but to any extent a response is required, SMP incorporates response to ¶ 1. As for SMP, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same for paragraphs 109 through 115.

110.     Incorporate response to ¶ 109.

111.     Incorporate response to ¶ 109.

112.     Incorporate response to ¶ 109.

113.     Incorporate response to ¶ 109.

114.     Incorporate response to ¶ 109.

115.     Incorporate response to ¶ 109.

### TWELFTH CLAIM FOR RELIEF
**Promissory Estoppel**
**(Mr. Amatore)**

116.     SMP realleges and reasserts the paragraphs above as though fully restated herein.

To the extent allegations contained in paragraphs 116 through 122 **pertain to other defendants**, SMP has no obligation to respond, but to any extent a response is required, SMP incorporates response to ¶ 1 for paragraphs 116 through 122.

117.     Incorporate response to ¶ 116.

118.     Incorporate response to ¶ 116.

119.     Incorporate response to ¶ 116.

13

120.    Incorporate response to ¶ 116.

121.    Incorporate response to ¶ 116.

122.    Incorporate response to ¶ 116.

## THIRTEENTH CLAIM FOR RELIEF
### Accounting
### (All Defendants)

123.    SMP realleges and reasserts the paragraphs above as though fully restated herein. To the extent allegations contained in paragraphs 123 through 129 **pertain to other defendants**, SMP has no obligation to respond, but to any extent a response is required, SMP incorporates response to ¶ 1. As for SMP, the allegations purport to **state legal conclusions**, which are **in dispute** and to which **no response is required and are deemed denied**; to any extent a response is required, SMP denies the same for paragraphs 123 through 129.

124.    Incorporate response to ¶ 123.

125.    Incorporate response to ¶ 123.

126.    Incorporate response to ¶ 123.

127.    Incorporate response to ¶ 123.

128.    Incorporate response to ¶ 123.

129.    Incorporate response to ¶ 123.

## SMP'S AFFIRMATIVE DEFENSES.

As one of several named Defendants in a multiple-Plaintiff, multiple-Defendant action in which Plaintiffs have alleged Defendants have acted as "co-conspirators" (Nature of Action above), SMP reserves the right to assert any affirmative defense or counterclaim that any other Defendant asserts at any time.

130.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). SMP and non-party Mr. Mohlman at all times acted in good faith, and reasonably believed their conduct was in the best interests of TSP and TSP's clients. Further, TSP owns **no goodwill** in any SMP client or agent relationships; therefore, TSP has **no legitimate business interest in any alleged confidential information** and thus **no basis** to assert any restrictive covenant against SMP. Plaintiffs' Exhibit A to the Complaint is only a Referral Fee Agreement between TSP and SMP; Plaintiffs mischaracterize it as granting TSP a right to enforce restrictive covenants as to SMP agents, which the Agreements ostensibly do not address.

131.     Plaintiffs have **failed to join all necessary parties** in this action required to accord complete relief among existing parties.

132.     To the extent Plaintiffs actually sustained any damages, such damages were contributed to or caused by Plaintiffs' own acts, omissions, or acts of others over whom Plaintiffs exercised control and whose conduct cannot be imputed to SMP.

133.     Plaintiffs' **failure to mitigate** is the sole cause of any alleged damages.

134.     Plaintiffs are **estopped** from prevailing on any claims due to their own fraud, breaches of contract, breach of fiduciary duty, material misrepresentations, tortious interference with contracts and business relationships, attempting to convert or steal SMP's agent base and client relationships which has caused irreparable harm to SMP's reputation.

135.     Plaintiffs' claims are **barred by the doctrine of unclean hands** as Mr. Pearson is actively competing against SMP, and Mr. Pearson continues to fraudulently promise to prospective clients completed work with no basis to do so, exposing TSP and Defendants to continued and acute risk of litigation.

136. Plaintiffs' claims may be **time barred** by applicable **statute of limitations** and/or **repose** and/or by the doctrines of **estoppel, laches** and **unclean hands**.

137. **Justification**. All actions SMP took were in good faith and justified under the circumstances to primarily help clients and secondarily to preserve the parties' business interests

138. Plaintiffs' claims may be barred by **consent, estoppel, ratification and waiver**. SMP already acquired its knowledge of its own agents by proper means, *i.e.*, SMP agents and their client referrals, who could have processed the business through a provider of their choice other than TSP, thus obtaining an economic benefit having nothing to do with TSP. These facts are fatal to Plaintiffs' federal and state trade secrets claims for the simple fact that TSP was not the owner of this information; SMP was[1]. Thus, SMP's access and knowledge, was always, and is only, by proper means, such that Plaintiffs cannot prevail on these counts since they cannot prove this information "derives independent economic value" from "not being readily ascertainable by proper means."

    a. **TSP's** only basis for a claim against SMP would be if SMP solicited any "vendors" found or introduced by TSP-Seller (*Exhs. A & B to the Complaint, VI. Non-Circumvention*). But that is not what Plaintiffs allege has happened. Instead, Plaintiffs assert trade secret confidentiality in the very agents SMP introduced to them without any contractual right to do so because agents are not addressed in the Referral Fee Agreement.

---

[1] "Because the goodwill of those clients was not acquired through the expenditure of BDO's resources, the firm has no legitimate interest in preventing defendant from competing for their patronage. Indeed, enforcement of the restrictive covenant as to defendant's personal clients <u>would permit BDO **to appropriate goodwill** created and maintained through defendant's efforts</u>, essentially turning on its head the principal justification to uphold any employee agreement not to compete based on protection of customer or client relationships. *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 393, 712 N.E.2d 1220 (1999) (**emphasis added**)."

16

139.    Further, TSP expressly waived any right to assert referred clients (or presumably agents) have become its trade secrets due to its acknowledgment that such referrals will not "derive independent economic value": see *Exhs. A & B to the Complaint, XI. Disclaimer of Warranties*, in which TSP-Seller: "DOES NOT REPRESENT OR WARRANT THAT SUCH REFERRAL WILL CREATE ANY ADDITIONAL PROFITS, SALES, EXPOSURE, BRAND RECOGNITION OR THE LIKE." If clients cannot create additional profits, sales, brand recognition "or the like," TSP must be deemed to have expressly waived any right to claim they are trade secrets that must "derive independent economic value," "from not being generally known to, or readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C.  section § 1839 (3). Again, all referred clients (and agents) are generally known and readily ascertainable through proper means because they represent SMP's business industry contacts; thus, they do not fit the definition of a trade secret.

140.    **Failure of Consideration**. To any extent the Referral Fee Agreements with SMP provides a basis for TSP or Mr. Pearson to attempt to enforce a form of restrictive covenant against SMP, the Agreement is unenforceable due to **failure of consideration** for the acquisition of F SMP's goodwill in its client and agent relationships, which TSP and Mr. Pearson must own to have standing to attempt to claim any rights to enforce any alleged violation of Trade Secrets.

141.    **Accord and Satisfaction**. To any extent TSP and Pearson legally acquired title to SMP's goodwill in its client and agent relationships in the Agreement or other accord, Plaintiffs failed to compensate SMP for this "acquisition" from which Plaintiffs have already substantially profited over the duration of SMP's referral relationship with Plaintiffs; therefore, the Court may exercise its equitable powers to deem any Plaintiffs' suffered damages as already fully satisfied.

17

And to any extent the Court finds any Plaintiff has retained an amount in excess of any complained of damages, SMP requests judgment of that excess amount in its favor pursuant to the contents of this Answer.

142.    **Unconscionability**. It is unconscionable for TSP and Pearson to attempt to prevent SMP from working with its own clients and agents, which also represents Plaintiffs' unconscionable effort to prevent these clients and agents from working with the professionals of their own choosing.

143.    **Unreasonable** restrictive covenants are **not enforceable** due to being overbroad, ambiguous, and unintelligible at least as to definition, interpretation and application regarding "confidential information" and definition of "vendor," rendering them unenforceable.

144.    **Anticompetitive and restrictive covenants** are unenforceable as against public policy with the effect of preventing SMP from realizing its rights to earn a living in its chosen profession.

145.    Enforcing the restrictive covenants against SMP would cause it to incur **undue hardship** and deprive it and its owner, Mr. Mohlman, of Constitutional rights to earn a living in their chosen profession. Further, the terms of a contract will not be construed so as to lead to a harsh and absurd result, which would have to be the case since TSP and Pearson have no contractual terms authorizing any such restrictive covenants against clients and agents.

146.    **Illegality and Fraud**. TSP through Mr. Pearson makes serial false representations to prospective clients to inveigle them to part with their funds to pay an advance fee for tax planning with no plan or process to deliver those plans. Mr. Pearson's statements are false when made, and clients rely on them to their detriment. Mr. Pearson's fraudulent and illegal actions have caused substantial harm to TSP, named defendants, and to clients who complain and demand

refunds, who have to seek out other professionals for the work they need completed. For his fraudulent and illegal conduct, TSP through Mr. Pearson, as well as Mr. Pearson should be barred from obtaining any relief.

147. SMP is entitled to **recoupment** or a **right of offset** due to Mr. Pearson's retention of referral fees owed to SMP.

148. In the alternative, to the extent Plaintiffs suffered any damages, such damages were due to **intervening and superseding causes** outside of Defendants' control and for which Defendants are not liable.

149. **Frustration of Purpose**. TSP agreed to pay SMP for client referrals. In reliance on TSP's promises, SMP shared its agents with TSP, who along with Mr. Mohlman personally, all referred clients to TSP for tax planning. To date, TSP has failed to pay contracted for referral fees to Mr. Mohlman. Mr. Pearson's purposeful decision not to pay SMP for these referrals occurred without SMP's fault and based on information and belief, due to Mr. Pearson's derision toward Mr. Mohlman for his sexual orientation. Pearson's reneging on paying SMP contracted for, and due referral fees was a basic assumption that would not occur when SMP and TSP executed the Agreement. Pearson's promise to provide contracted for tax plans and pay SMP referral fees was so integral to SMP's decision to refer clients and share its agents with TSP that SMP would not have made these referrals or shared its agent with TSP but for Mr. Pearson's promises. Due to Mr. Pearson's breach of these promises, causing many referred clients and agents to complain to SMP regarding their fears of not having their plans implemented or returns completed by the fast-approaching tax deadlines, SMP has had to perform work to address the complaints, all to attempt to rehabilitate its and TSP's reputation. Mr. Pearson has not taken any meaningful action to service these clients so the only way for them to have their returns completed on time was for Mr. Amatore

19

to do the work. These changes substantially frustrated the purpose of the Agreement, which renders the Agreement voidable by SMP.

150.     **Reservation of right to assert other affirmative defenses not already pled** as permitted by law and to otherwise amend or supplement this Answer and Affirmative Defenses upon discovery of facts or evidence rendering such action appropriate or prudent and/or as permitted by the Court.

**RELIEF REQUESTED**

WHEREFORE, SMP requests that the Court deny Plaintiffs their requested relief and Order that Plaintiffs take nothing for their pretended causes of action:

a.  Deny Plaintiffs' request to Enjoin Defendants from misappropriating TSP's trade secret information by soliciting business from TSP clients;

b.  Deny Plaintiffs' request to Enjoin Defendants from soliciting or hiring TSP's agents and contractors;

c.  Deny Plaintiffs' request to Enjoin Mr. Amatore from violating his fiduciary duty and order him to reinstate access to all TSP assets, including access to TSP computer Systems and financial accounts;

d.  Deny any award of damages to TSP and Mr. Pearson for pretend harm caused by Defendants' interference with TSP's contracts (Count Two);

e.  Deny any award of damages to TSP and Mr. Pearson for pretend harm caused by Defendants' alleged interference with TSP's business relationships (Count Three);

f.  Deny any award of damages to RE-MMAP for pretend harm caused by Mr. Amatore's alleged breach of the BSA (Count Six);

g.  Deny any award of damages to TSP for pretend harm allegedly caused by FMS's and SMP's alleged breaches of the Referral Fee Agreement (Count Seven);

h.  Deny any award of damages to TSP for pretend harm allegedly caused by Mr. Amatore's alleged Civil Theft (Count Eight);

i.  Deny Plaintiffs' request for an Order requiring Lifetime Advisors to disgorge all revenues and deposit such revenues to TSP;

j.  Deny Plaintiffs' request for an Order requiring Lifetime Advisors to immediately cease operations;

k.  Deny Plaintiffs' request for an Order requiring Lifetime Advisors to terminate all contracts with agents, advisors, consultants, and clients who had relationships with TSP;

l.  Deny Plaintiffs' request for an Order requiring an accounting to determine the state of TSP's accounts and its alleged pecuniary losses;

m.  Deny Plaintiffs' request for an award of punitive damages;

n.  Deny Plaintiffs' request for an award of their attorneys' fees, expenses, and costs incurred from this action; and

o.  Deny Plaintiffs any other relief.

///

///

///

///

///

///

///

21

**SMP'S COUNTERCLAIMS AGAINST TSP AND MR. PEARSON**

JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action and these claims and venue is proper per the Parties' Stipulation filed with the Court on August 15, 2022.

FACTUAL BACKGROUND

2.      SMP Strategy, LLC ("SMP") is an existing company in the insurance and financial services industry, which at all times prior to, during, and presently, maintains its business and agent relationships independently of Tax Strategy Pro, LLC ("TSP") and which existed before TSP.

3.      SMP was founded by and is owned and operated by Jeffrey Mohlman (Mr. Mohlman).

4.      Mr. Mohlman is also a 50% owner of EPDocs, which is a separate and independent company from TSP.

5.      SMP offers education for estate plan documents offered to retail customers of EPDocs through a network of agents contracted with EPDocs.

6.      Matthew Pearson ("Mr. Pearson") wanted access to SMP and EPDocs' agent base, and the accompanying agents/licenses of EPDocs and offered SMP the Referral Agreement to compensate SMP for any ERTC work SMP agents sent to TSP instead of to AIA.

7.      There is no agreement with TSP as to EPDocs or in any way asserting any right to own, control or restrain any SMP or EPDocs' agents.

8.      SMP and EPDocs agreed to permit its approximately 130 agents to consider using TSP and Mr. Pearson based on SMP's initial experience with the tax planning.

9.      SMP and EPDocs agents began submitting ERTC work to TSP. SMP has several

agreements indicating these agents' submission of this work to TSP. TSP processed this work.

10.     Mr. Mohlman then agreed to permit TSP and Mr. Pearson to use EPDocs training

and education on TSP's website.  **https://university.taxstrategypro.com/library**

11.     SMP's agents referred a high volume of clients to TSP in 2022.

12.     Despite TSP and Pearson's promise pursuant to the Referral Agreement to

compensate SMP for its agents' referrals, TSP and Pearson have failed to pay SMP for even one

SMP agent client referral submitted in 2022.

13.     SMP can readily identify at least the following clients for whom TSP/Pearson has

refused to pay SMP for these SMP agent referrals:

   a.  Into The Woods Flooring: $4,700
   b.  Basavraj Loni: $11,886.60
   c.  Cory Heitz: $3,760
   d.  Baljit Gill (US Freightline): $18,760
   e.  Phil Papanek: $7,900
   f.  Moab Reservation/Xtreme 4x4: $2,340 (I was the upline on this one and did the
       work for Dean Hibbs the agent I referred to TSP)

   Total: $49,436.60.

14.     SMP is informed and believes, and on that basis states, that Mr. Pearson resents

Mr. Mohlman because of his same-sex orientation.

15.     SMP is also informed and believes, and on that basis states, that Mr. Pearson has

made sure his Christian agents, Jeremy Frazee and Matt Setters, are paid and on time.

**COUNT ONE**
**BREACH OF CONTRACT**
(*Referral Agreement to Process Tax Plans*)
(Mr. Pearson and TSP ("Counterclaim Defendants"))

16.     **SMP** reasserts, realleges, and incorporates by reference the preceding paragraphs

as though fully set forth herein.

23

17.  **SMP** and Counterclaim Defendants entered into a valid Referral Fee Agreement (Plaintiff's Exh. A to the Complaint) in which TSP agreed to provide tax planning processing services for SMP referrals.

18.  Counterclaim Defendants agreed to compensate SMP for its and its agents' referrals.

19.  SMP referred a high volume of clients to TSP for which TSP earned fees.

20.  Counterclaim Defendants materially breached the contract by failing to pay SMP the contracted for referral fees.

21.  SMP has incurred damages in an amount to be determined at trial due to Counterclaim Defendants' breach for which they are jointly and severally liable to SMP.

<u>COUNT TWO</u>
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**
(*Referral Agreement to Process Tax Plans*)
(Mr. Pearson and TSP ("Counterclaim Defendants"))

22.  **SMP** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

23.  Parties to an agreement have a duty to act in good faith.

24.  "Acting in good faith" means a person acts honestly in performing this part of the contract.

25.  Counterclaim Defendants breached their promises to pay SMP for its Agents' referrals to TSP for tax planning.

26.  SMP is informed and believes, and on that basis states, that Counterclaim Defendants' reason for the breach is that Mr. Mohlman is gay, which does not represent honesty in performing their end of the bargain.

24

27.     **SMP** incurred damages in an amount to be determined at trial due to Counterclaim Defendants' breaches for which they are jointly and severally liable.

## COUNT THREE
### CONVERSION
(*EPDocs content and education*)
(Mr. Pearson and TSP ("Counterclaim Defendants"))

28.     **SMP** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

29.     SMP offered its EPDocs' content to Counterclaim Defendants in exchange for their promises to compensate SMP for its agents' referrals to TSP of tax planning clients.

30.     Counterclaim Defendants have breached these promises to SMP, but continue to appropriate and exercise control over EPDocs' training and education by hosting it on TSP's website.

31.     Hence, Counterclaim Defendants have converted SMP's intellectual property without compensation to SMP.

32.     As a direct and proximate result of Counterclaim Defendants' conversion, SMP has suffered damages and continues to suffer damages, for which SMP requests recovery of its compensatory damages in an amount to be determined at trail, as well as its attorney's fees, costs and interests.

## COUNT FOUR
### UNJUST ENRICHMENT
(TSP and Mr. Pearson ("Counterclaim Defendants"))

33.     **SMP** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

34.     SMP referred clients to Counterclaim Defendants through its agents for which Counterclaim Defendants are believed to have made hundreds of thousands of dollars.

35.     Counterclaim Defendants have failed to compensate SMP for these referrals as they promised to do in the Referral Fee Agreement (Plaintiff's Exh. B to the Complaint).

36.     Counterclaim Defendants have knowingly accepted the benefit of an unknown amount of advance tax planning fees from SMP agent-referred clients for whom Counterclaim Defendants failed to compensate SMP.

37.     Due to Counterclaim Defendants' realization of these fees due to SMP's efforts, it would be unjust and inequitable to allow them to retain these amounts without paying SMP the fees they agreed to pay.

38.     Accordingly, SMP has been damaged by Counterclaim Defendants' retention of and failure to account for these amounts, in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, SMP prays for the following relief against Counterclaim Defendants:

1.      Award of actual damages;

2.      Award of punitive damages;

3.      Award of SMP's actual costs, expenses and attorney's fees, including without limitation, statutory and prejudgment interest; and

4.      Award of such other and further relief as the Court may deem just and equitable.

Respectfully submitted by,


Date: September 6, 2022

By: */s/Marnie Lambert*
Marnie Lambert (0073054)
Lambert Law Firm, LLC
4889 Sawmill Road
Suite 125
Columbus, Ohio 43235
Phone: (614) 504-8803
mlambert@mclinvestlaw.com

*Attorney for Defendants/*
*Counterclaimants*
Anthony Amatore,
Lifetime Advisors Group, LLC,
Finances Made Simple, LLC and
SMP Strategies, LLC