# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# YOUNGSTOWN

| | |
|---|---|
| **MATTHEW PEARSON,** *et al.*, | Case No. 4:22-cv-01393-BYP |
| Plaintiffs | JUDGE BENITA Y. PEARSON |
| v. | **PLAINTIFFS' ANSWER TO DEFENDANT ANTHONY AMATORE'S COUNTERCLAIMS** |
| **ANTHONY AMATORE,** *et al.*, | |
| Defendants. | |

## ANSWER

For their answer to the Defendant Anthony Amatore ("Mr. Amatore") Counterclaims [Doc. 19], Plaintiffs Matthew Pearson ("Mr. Pearson"), individually and derivatively on behalf of Tax Strategy Pro, LLC ("TSP"), Jacqueline Gibbons-McIntosh ("Mrs. McIntosh"), and RE-MMAP Inc. ("RE-MMAP") (collectively, "Plaintiffs"), state:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action and these claims and venue is proper per the Parties' Stipulation filed with the Court on August 15, 2022.

**RESPONSE:** Plaintiffs admit that this Court has jurisdiction over this lawsuit.

## FACTUAL BACKGROUND

2. Mr. Amatore and Mr. Pearson met when Mr. Pearson sought out Mr. Amatore for his tax planning expertise.

**RESPONSE:** Mr. Pearson admits that he sought out Mr. Amatore to form TSP in 2020.

3. Mr. Pearson proposed a business association with Mr. Amatore in which they would work together to generate prospects for Mr. Amatore's tax planning expertise.

**RESPONSE:** Mr. Pearson admits that he sought out Mr. Amatore to form TSP in 2020. Mr. Pearson denies the remaining allegations of this paragraph.

4. They formed TSP in June of 2020, with each owing 50% of the company.

**RESPONSE:** Mr. Pearson admits that he and Mr. Amatore formed TSP in 2020 with 50 percent membership interests each.

5. Mr. Amatore, as a member of the LLC at the time of Mr. Pearson's acts and omissions giving rise to Mr. Amatore's claims alleged below and herein, fairly and adequately represents the interests of the limited liability company in enforcing the right of the limited liability company.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

6. For the reasons cited in ¶ 19 of Plaintiffs' complaint, demand futility is apparent as between the only two discordant owners.

**RESPONSE:** Mr. Pearson and TSP admit the allegations of this paragraph.

7. TSP's Tax Planning business. Mr. Pearson failed to perform the work or follow up with clients after he signed the Letters of Engagement ("LOE") and took advanced fees.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

8. Mr. Pearson ignored Mr. Amatore's persistent demands to discontinue accepting new tax planning clients until Mr. Amatore understood the volume and processing of clients already engaged.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

9. Instead, Mr. Pearson continued to promise TSP prospects that TSP would complete tax planning work by a specific deadline, which representations were false when Mr. Pearson made them because he knew or was negligent in not knowing that TSP was actually behind on more than 100 tax plans with no plan or personnel in place to fulfill Mr. Pearson's false promises.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

10. In May 2022, Mr. Pearson and Mr. Amatore agreed to address the backlog by engaging Finances Made Simple, LLC ("FMS") to process the tax planning line of business just as FMS does for the ERTC line of business, which made TSP a profitable enterprise.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

11. Shortly thereafter, without notice to or discussion with Mr. Amatore, Mr. Pearson on behalf of TSP unilaterally reneged on his agreement to have FMS process tax planning, and the client complaints increased regarding Mr. Pearson's false promises.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

12. In addition to threatening to ruin TSP's ERTC business, Mr. Pearson told me TSP was going to go on a CPA firm buying spree to shore up the tax planning side. Realizing what a disaster McIntosh's and RE-MMAP's acquisition of Mr. Amatore's practice was, Mr. Amatore reasonably believed Mr. Pearson had lost all touch with rationality such that he took action to limit the damage Mr. Pearson threatened to cause.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

13. Mr. Pearson has taken no action to date to address TSP's backlog of tax planning clients who remain in the purgatory of Pearson's false promises, awaiting any form of deliverance.

3

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

14. Mr. Amatore and his associates are working long hours to address the tax planning backlog that Mr. Pearson created, doing their best to succor angry customers requesting refunds and threatening lawsuits.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

15. Mr. Amatore, along with defendants named in the complaint, formed Lifetime Advisors, LLC to preserve their existing businesses which exist separate and independent of TSP, such that if Mr. Pearson remained hellbent on running TSP into the ground, FMS and SMP needed another company for their agents to process the lines of business for which they voluntarily used TSP.

**RESPONSE:** Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

16. Mr. Pearson controls software and information that he refuses to disclose to or provide access to Mr. Amatore, which includes the following:

   a. Non-TSP Pearson-controlled business bank accounts that based on information and belief, contain unearned and or undisclosed advance fees from TSP or a competitor's tax planning clients.

   b. TSP Tax Planning Letters of Engagement ("LOE"); Mr. Pearson has his own Dropbox that he uses to collect documentation and Letters of Engagement.

   c. All notes related to any *Mr. Pearson-conducted-fact finding or interview*s of clients who signed an LOE for tax planning.

4

    d. Zoom conference call recordings and transcripts (OTTR) for all calls on which Mr. Pearson represented TSP.

    e. Zoom conference call recordings and transcripts (OTTR) for all calls on which Mr. Pearson represented any competitor of TSP's, including but not limited to calls involving products, services or payments to **Principle Assured LLC**, and any of its assumed names including but not limited to *Tax Strategy Pro*, *Tax Network Center*, *Gravity Wealth Group*, *etc*. (See *Amatore Exhs. 2.a - 2.d*).

    f. Information about work he performs as a consultant for any other entity or organization, including but not limited to Devoted Enterprises. https://www.devotedpawn.com/team member/matt-pearson/

    g. Mr. Amatore's email account, including historical emails for the email address: aamatore@amatoreco.com.

    h. TSP historical records of client and internal communications stored in the cloud, or on servers that were alleged in the complaint to be in Ohio (they are not in OH).

    i. All records of advance payments received from clients for all executed tax planning LOEs, whether Mr. Pearson placed those clients with TSP or another competitive entity.

    **RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

    17.    Mr. Pearson is competing with TSP with the "over 3,000 CPAs he works with" as a member of the *Tax Master Network*. https://www.devotedpawn.com/team_member/matt-pearson/ (at 1:40 of the video). https://www.devotedpawn.com/about/

    **RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

5

18. In sum, Mr. Pearson has taken unilateral action without consulting with Mr. Amatore, all of which promises to harm TSP as it has to date with the chorus of client complaints he created and refuses to address; Mr. Pearson has kept Mr. Amatore in the dark relative to these clients he has engaged and from whom he has taken advance fees, and he competes with TSP as indicated above.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

19. TSP made an advance payment to Mr. Pearson of $60,000 in the spring of 2022. Mr. Amatore has not been paid any advance.

**RESPONSE:** Mr. Pearson and TSP admit the allegations of this paragraph.

20. On or about June 21, 2022, Mr. Pearson false represented to Jason Koeppe, a long-time client of Mr. Amatore's, that "Tony committed a felony by stealing money from TSP," and that "Tony On or about June 27th 2022, Mr. Pearson repeated false statements to TSP referral source, Chad Reineke, falsely representing to Mr. Reineke that "Tony is not legally allowed to sign tax documents."

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

21. Messrs. Koeppe and Reineke came to Mr. Grove expressing these concerns and demanding to know whether TSP was in compliance with the law. Mr. Grove assured them TSP was fully compliant and that Mr. Amatore was, in fact, the only TSP owner with the legal authority to sign the 941 Forms.

**RESPONSE:** Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

6

22. Mr. Pearson also slandered Mr. Amatore to TSP referral sources Tom Quinn and David Valencia. On a June 29, 2022, 1:00 P.M. Central Time three-way call between FMS President Jon LaCasse, and Messrs. Quinn and Valencia, they reported to Mr. LaCasse that Mr. Pearson represented to them that "Tony was not qualified to be signing tax documents."

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

23. Mr. Pearson's false statements not only slander Mr. Amatore, but they also slander TSP itself as a business and diminish its value as an enterprise.

**RESPONSE:** Plaintiffs deny the allegations of this paragraph.

24. On January 28, 2022, at the behest of Mr. Pearson, Mr. Amatore sold his accounting firm, Amatore & Co., LLC to Jacqueline A. Gibbons-McIntosh ("McIntosh"). (See *Plaintiffs' Exh. C, Business Sale Agreement or "BSA"*).

**RESPONSE:** Plaintiffs admit that on January 28, 2022, Mrs. McIntosh and Mr. Amatore entered into the BSA. Plaintiffs deny the remaining allegations of this paragraph.

25. Since closing, McIntosh has not worked diligently on the business. McIntosh has required clients pay an advance fee, and Mr. Amatore has received 100s of calls from his former very long-standing clients, angry and scared because that they were put on extension and that McIntosh was not communicating with them or completing required work.

**RESPONSE:** Mrs. McIntosh denies the allegations of this paragraph.

26. To address their immediate demands, Mr. Amatore stepped in to help them with their returns and to hopefully avoid their complaints.

**RESPONSE:** Plaintiffs deny the allegations of this paragraph.

27. Mr. Amatore should not have had to perform this work after selling his practice. He and his associates have been working more than 60 hour per week to rehabilitate the business, save it from complaints and mitigate the fallout and certain lawsuits and damages that will result if the nearly 400 clients that McIntosh put on extension are not promptly serviced to complete and submit their returns by the upcoming September 15, 2022 and October 15, 2022 deadlines.

**RESPONSE:** Plaintiffs deny the allegations of this paragraph.

28. McIntosh rewarded Mr. Amatore for his extraordinary effort by defaulting on her $62,500 payment due on July 28, 2022 (*BSA, ¶ 2, Consideration*: "first semiannual payment due six months after closing").

**RESPONSE:** Mrs. McIntosh denies the allegations of this paragraph.

29. RE-MMAP is not a party to this transaction.

**RESPONSE:** Plaintiffs deny the allegations of this paragraph.

**COUNT ONE**
**BREACH OF CONTRACT**
(*Business Sale Agreement*)
(McIntosh and RE-MMAP "Plaintiff/CounterclaimDefendants")

30. **Mr. Amatore** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeat each and every response to the allegations in paragraphs 1 through 30 above as if fully set forth herein.

31. **Mr. Amatore** and McIntosh entered into a valid contract, the *Business Sale Agreement* (Contract) in which Mr. Amatore sold his accounting practice Amatore & Co. for the contracted price of $500,000.

8

**RESPONSE:** Mrs. McIntosh and RE-MMAP admit that Mr. Amatore and Mrs. McIntosh entered into the BSA and that the BSA speaks for itself. Mrs. McIntosh and RE-MMAP deny the remaining allegations of this paragraph.

32. **Mr. Amatore** fulfilled and satisfied his obligations under the contract.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

33. Plaintiff/Counterclaim Defendants materially breached the spirit of the contract by failing to perform the services Mr. Amatore's former clients needed, putting them on extension and failing to communicate with them.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

34. Plaintiff/Counterclaim Defendants are in default; they materially breached the letter of the contract by failing to tender payment of $62,500 due on July 28, 2022.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

35. Plaintiff/Counterclaim Defendants have no justification for breaching the spirit and letter of the contract.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

36. Plaintiff/Counterclaim Defendants' breaches have directly and proximately caused Mr. Amatore to suffer incalculable damage to his reputation and honor for which Plaintiff/Counterclaim Defendants are liable jointly and severally for an amount to be determined at trial.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

## COUNT TWO
## INDEMNIFICATION
(*Business Sale Agreement*)
(McIntosh and RE-MMAP "Plaintiff/Counterclaim Defendants")

37. **Mr. Amatore** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeat each and every response to the allegations in paragraphs 1 through 36 above as if fully set forth herein.

38. The Business Sale Agreement requires Plaintiff/Counterclaim Defendant to Indemnify Mr. Amatore as follows: "Buyer shall indemnify and hold Seller harmless from any and all liabilities and obligations arising from Buyer's operation of the business after Closing" (See BSA, § C, ¶ 5).

**RESPONSE:** Mrs. McIntosh and RE-MMAP admit that Mr. Amatore and Mrs. McIntosh entered into the BSA and that the BSA speaks for itself. Mrs. McIntosh and RE-MMAP deny any allegations contrary to the terms of the Referral Fee Agreement. Mrs. McIntosh and RE-MMAP deny the remaining allegations of this paragraph.

39. Buyer has run the business into the ground, causing hundreds of affected clients alarm and consternation wondering whether their tax returns will be completed on time to meet their tax filing deadlines.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

40. Buyer's operation of the business by putting almost 400 clients on extension has forced Mr. Amatore to expend time and his own resources to hire associates to address customer complaints and complete the work McIntosh has failed to do.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

10

41. Mr. Amatore took these actions to attempt to avoid the inevitable ominous liabilities that Defendant's actions portend, substituting Defendant's performance with his own, for which Defendants are liable to indemnify Mr. Amatore for fulfilling their obligations.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

42. Defendants' breaches have directly and proximately caused Mr. Amatore to suffer out of pocket costs, and have caused incalculable damage to his reputation and honor for which Defendants are required by contract to Indemnify him in an amount to be determined at trial, which Indemnification should include his attorneys' fees which represent liabilities he had to incur based on their operation of the business after closing.

**RESPONSE:** Mrs. McIntosh and RE-MMAP deny the allegations of this paragraph.

## COUNT THREE
## BREACH OF FIDUCIARY DUTY
(Matthew Pearson)

43. **Mr. Amatore** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeat each and every response to the allegations in paragraphs 1 through 42 above as if fully set forth herein.

44. Mr. Pearson is a member of TSP pursuant to which he owes fiduciary duties to TSP and fellow member, Mr. Amatore.

**RESPONSE:** Mr. Pearson admits that he is a member of TSP. Plaintiffs deny the remaining allegations of this paragraph.

45. Mr. Pearson has violated his fiduciary duties to TSP and Mr. Amatore, including the duty of due care by falsely promising to TSP prospects that TSP will complete and implement

their plans by dates certain, taking advance fees based on those false promises, and then by breaching his promises by not completing the work, which has generated customer complaints, all of which harms TSP.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

46. Mr. Pearson has violated his fiduciary duties to TSP and Mr. Amatore, including the duty of loyalty and disclosure by hiding from Mr. Amatore critical records necessary for Mr. Amatore to conduct TSP business, and by competing with TSP.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

47. As a direct and proximate result of Mr. Pearson's vexatious, willful and tortious breaches of his fiduciary duties, Mr. Amatore has not been able to complete work on TSP's behalf; Mr. Pearson, is therefore liable for increasing damages to TSP from customer complaints and clients demanding refunds, in an amount to be proven at trial, in addition to ostensible damage to TSP's brand and reputation, for which Mr. Amatore requests this Court award him with his attorney's fees, costs and interest.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

**COUNT FOUR**
**DEFAMATION**
(Matthew Pearson)

48. **Mr. Amatore** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeat each and every response to the allegations in paragraphs 1 through 47 above as if fully set forth herein.

49. Mr. Pearson maliciously published false and slanderous statements about Mr. Amatore to at least four individuals that reflect upon Mr. Amatore's character, brining Mr. Amatore into ridicule, hatred, or contempt and that affect him injuriously in his trade or profession.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

50. Mr. Pearson accused Mr. Amatore of felonious activity, and attacked his reputation declaring he did not hold the credentials he does to execute tax filings.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

51. Mr. Pearson's published statements presented Mr. Amatore in a false light, and were highly offensive to Mr. Amatore and any reasonable person.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

52. Mr. Pearson knew the statements to be false and intended to cause damage to Mr. Amatore's reputation by making these statements for which no privilege applies.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

53. As a direct and proximate result of Mr. Pearson's vexatious, willful and tortious slander and defamation, Mr. Amatore has suffered *defamation per se* damages in an amount to be proven at trial.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

### COUNT FIVE
### UNJUST ENRICHMENT
(Matthew Pearson)

55. **Mr. Amatore** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeat each and every response to the allegations in paragraphs 1 through 54 above as if fully set forth herein.

56. TSP made an advance to Mr. Pearson of $60,000 in the spring of 2022.

**RESPONSE:** Mr. Pearson and TSP admit the allegations of this paragraph.

57. As 50-50 owners of TSP, Mr. Pearson is not entitled to more profits than Mr. Amatore.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

58. To any extent TSP does not provide a commensurate advance of $60,000 to Mr. Amatore, Mr. Pearson is unjustly enriched for which he must repay the advance.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

59. Further, Mr. Pearson has knowing accepted the benefit an unknown amount of advance tax planning fees from clients to whom he falsely promised to provide tax plans.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

60. As 50-50 owner with Mr. Amatore, it would be unjust and inequitable to allow Mr. Pearson to retain these amounts without paying to Mr. Amatore his just share.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

61. Accordingly, Mr. Amatore has been damaged by Mr. Pearson's retention and failure to account for these amounts, in an amount to be proven at trial.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

**PRAYER FOR RELIEF**

Plaintiffs deny that Mr. Amatore is entitled to its request for judgment against Plaintiffs, and denies that Mr. Amatore is entitled to its prayer for relief on pages 35 through 36 of his Counterclaims.

**AFFIRMATIVE DEFENSES**

Plaintiffs assert the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

Mr. Amatore's claims fail, in whole or in part, to state a cause of action.

SECOND AFFIRMATIVE DEFENSE

Mr. Amatore's claims are barred, in whole or in part, because at all times Plaintiffs acted in good faith.

THIRD AFFIRMATIVE DEFENSE

Mr. Amatore's claims are barred, in whole or in part, because he failed to mitigate its damages.

FOURTH AFFIRMATIVE DEFENSE

Mr. Amatore's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

FIFTH AFFIRMATIVE DEFENSE

Mr. Amatore's claims for relief are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, and laches.

SIXTH AFFIRMATIVE DEFENSE

Mr. Amatore's claims are barred, in whole or in part, by the applicable statute of limitations.

SEVENTH AFFIRMATIVE DEFENSE

Mr. Amatore's claims are barred, in whole or in part, by the applicable statute of frauds.

EIGHTH DEFENSE

Mr. Amatore's claims are barred by waiver or release.

NINTH DEFENSE

Mr. Amatore's claims are barred, in whole or in part, for the reasons stated in the Complaint.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Plaintiffs reserve the right to amend its responses to add any additional defenses as additional facts become known to it, upon amendment of the underlying claims, or upon discovery of additional facts and information.  As Mr. Amatore's claims against Plaintiffs fail to state a cause of action and/or are barred, Plaintiffs are the prevailing party and therefore the Court should enter a judgment in its favor.

**WHEREFORE**, having fully answered the complaint herein, Plaintiffs prays the Counterclaims be dismissed with costs and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

 */s/ Aaron M. Herzig*
Aaron M. Herzig (0079371)
Jada M. Colon (0099048)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
aherzig@taftlaw.com
jcolon@taftlaw.com

*Attorneys for Plaintiffs*

Of Counsel:

Matthew Seifert
Scioto Law, LLC
613 Chillicothe Street
Portsmouth, OH
Phone: (740) 357-9255
Matt@SciotoLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> /s/ Aaron M. Herzig
> Aaron M. Herzig