# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# YOUNGSTOWN

| | |
|---|---|
| **MATTHEW PEARSON,** *et al.*, | Case No. 4:22-cv-01393-BYP |
| Plaintiffs | JUDGE BENITA Y. PEARSON |
| v. | **PLAINTIFFS' ANSWER TO** |
| | **DEFENDANT SMP STRATEGIES,** |
| **ANTHONY AMATORE,** *et al.*, | **LLC'S COUNTERCLAIMS** |
| Defendants. | |

## ANSWER

For their answer to the Defendant SMP Strategies, LLC ("SMP") Counterclaims [Doc. 21], Plaintiffs Matthew Pearson ("Mr. Pearson"), individually and derivatively on behalf of Tax Strategy Pro, LLC ("TSP"), Jacqueline Gibbons-McIntosh ("Mrs. McIntosh"), and RE-MMAP Inc. ("RE-MMAP") (collectively, "Plaintiffs"), state:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action and these claims and venue is proper per the Parties' Stipulation filed with the Court on August 15, 2022.

**RESPONSE:** Plaintiffs admit that this Court has jurisdiction over this lawsuit.

## FACTUAL BACKGROUND

2. SMP Strategy, LLC ("SMP") is an existing company in the insurance and financial services industry, which at all times prior to, during, and presently, maintains its business and agent relationships independently of Tax Strategy Pro, LLC ("TSP") and which existed before TSP.

**RESPONSE:** Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

3. SMP was founded by and is owned and operated by Jeffrey Mohlman (Mr. Mohlman).

**RESPONSE:** Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

4. Mr. Mohlman is also a 50% owner of EPDocs, which is a separate and independent company from TSP.

**RESPONSE:** Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

5. SMP offers education for estate plan documents offered to retail customers of EPDocs through a network of agents contracted with EPDocs.

**RESPONSE:** Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

6. Matthew Pearson ("Mr. Pearson") wanted access to SMP and EPDocs' agent base, and the accompanying agents/licenses of EPDocs and offered SMP the Referral Agreement to compensate SMP for any ERTC work SMP agents sent to TSP instead of to AIA.

**RESPONSE:** Mr. Pearson and TSP admit that TSP and SMP entered into a Referral Fee Agreement and that the Referral Fee Agreement speaks for itself. Mr. Pearson and TSP deny any allegations contrary to the terms of the Referral Fee Agreement. Mr. Pearson and TSP deny the remaining allegations contained in this paragraph.

7. There is no agreement with TSP as to EPDocs or in any way asserting any right to own, control or restrain any SMP or EPDocs' agents.

**RESPONSE:** Mr. Pearson and TSP admit that TSP and SMP entered into a Referral Fee Agreement and that the Referral Fee Agreement speaks for itself. Mr. Pearson and TSP deny any allegations contrary to the terms of the Referral Fee Agreement. Mr. Pearson and TSP deny the remaining allegations contained in this paragraph.

8. SMP and EPDocs agreed to permit its approximately 130 agents to consider using TSP and Mr. Pearson based on SMP's initial experience with the tax planning.

**RESPONSE:** Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

9. SMP and EPDocs agents began submitting ERTC work to TSP. SMP has several agreements indicating these agents' submission of this work to TSP. TSP processed this work.

**RESPONSE:** Mr. Pearson and TSP admit that TSP processed ERTC work referred to it by SMP. Plaintiffs are without information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

10. Mr. Mohlman then agreed to permit TSP and Mr. Pearson to use EPDocs training and education on TSP's website. **https://university.taxstrategypro.com/library**

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

11. SMP's agents referred a high volume of clients to TSP in 2022.

**RESPONSE:** Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph since the term "high volume" is vague and undefined and therefore denies them.

12. Despite TSP and Pearson's promise pursuant to the Referral Agreement to compensate SMP for its agents' referrals, TSP and Pearson have failed to pay SMP for even one SMP agent client referral submitted in 2022.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

13. SMP can readily identify at least the following clients for whom TSP/Pearson has refused to pay SMP for these SMP agent referrals:

   a. Into The Woods Flooring: $4,700

   b. Basavraj Loni: $11,886.60

   c. Cory Heitz: $3,760

   d. Baljit Gill (US Freightline): $18,760

   e. Phil Papanek: $7,900

   f. Moab Reservation/Xtreme 4x4: $2,340 (I was the upline on this one and did the work for Dean Hibbs the agent I referred to TSP)

   Total: $49,436.60.

**RESPONSE:** Mr. Pearson and TSP are without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

14. SMP is informed and believes, and on that basis states, that Mr. Pearson resents Mr. Mohlman because of his same-sex orientation.

**RESPONSE:** Mr. Pearson denies the allegations of this paragraph.

15. SMP is also informed and believes, and on that basis states, that Mr. Pearson has made sure his Christian agents, Jeremy Frazee and Matt Setters, are paid and on time.

**RESPONSE:** Mr. Pearson admits that TSP timely paid all of its agents, without regard to their religion.

### COUNT ONE
### BREACH OF CONTRACT
(*Referral Agreement to Process Tax Plans*)
(Mr. Pearson and TSP ("Counterclaim Defendants"))

16.     **SMP** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeats each and every response to the allegations in paragraphs 1 through 15 above as if fully set forth herein.

17.     **SMP** and Counterclaim Defendants entered into a valid Referral Fee Agreement (Plaintiff's Exh. A to the Complaint) in which TSP agreed to provide tax planning processing services for SMP referrals.

**RESPONSE:** Mr. Pearson and TSP admit that TSP and SMP entered into a Referral Fee Agreement and that the Referral Fee Agreement speaks for itself. Mr. Pearson and TSP deny any allegations contrary to the terms of the Referral Fee Agreement. Mr. Pearson and TSP deny the remaining allegations contained in this paragraph.

18.     Counterclaim Defendants agreed to compensate SMP for its and its agents' referrals.

**RESPONSE:** Mr. Pearson and TSP admit that TSP and SMP entered into a Referral Fee Agreement and that the Referral Fee Agreement speaks for itself. Mr. Pearson and TSP deny any allegations contrary to the terms of the Referral Fee Agreement. Mr. Pearson and TSP deny the remaining allegations contained in this paragraph.

19. SMP referred a high volume of clients to TSP for which TSP earned fees.

**RESPONSE:** Mr. Pearson and TSP admit that TSP earned fees from SMP's referral of clients. Plaintiffs are without information sufficient to admit or deny the remaining allegations of this paragraph since the term "high volume" is vague and undefined and therefore denies them

20. Counterclaim Defendants materially breached the contract by failing to pay SMP the contracted for referral fees.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

21. SMP has incurred damages in an amount to be determined at trial due to Counterclaim Defendants' breach for which they are jointly and severally liable to SMP.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

## COUNT TWO
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
(*Referral Agreement to Process Tax Plans*)
(Mr. Pearson and TSP ("Counterclaim Defendants"))

22. **SMP** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeats each and every response to the allegations in paragraphs 1 through 21 above as if fully set forth herein.

23. Parties to an agreement have a duty to act in good faith.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. However, to the extent a response is required Mr. Pearson and TSP deny the allegations of this paragraph.

24. "Acting in good faith" means a person acts honestly in performing this part of the contract.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. However, to the extent a response is required Mr. Pearson and TSP deny the allegations of this paragraph.

25. Counterclaim Defendants breached their promises to pay SMP for its Agents' referrals to TSP for tax planning.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

26. SMP is informed and believes, and on that basis states, that Counterclaim Defendants' reason for the breach is that Mr. Mohlman is gay, which does not represent honesty in performing their end of the bargain.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

27. **SMP** incurred damages in an amount to be determined at trial due to Counterclaim Defendants' breaches for which they are jointly and severally liable.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

### COUNT THREE
### CONVERSION
(*EPDocs content and education*)
(Mr. Pearson and TSP ("Counterclaim Defendants"))

28. **SMP** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeats each and every response to the allegations in paragraphs 1 through 27 above as if fully set forth herein.

29. SMP offered its EPDocs' content to Counterclaim Defendants in exchange for their promises to compensate SMP for its agents' referrals to TSP of tax planning clients.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

30. Counterclaim Defendants have breached these promises to SMP, but continue to appropriate and exercise control over EPDocs' training and education by hosting it on TSP's website.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

31. Hence, Counterclaim Defendants have converted SMP's intellectual property without compensation to SMP.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

32. As a direct and proximate result of Counterclaim Defendants' conversion, SMP has suffered damages and continues to suffer damages, for which SMP requests recovery of its compensatory damages in an amount to be determined at trail, as well as its attorney's fees, costs and interests.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

**COUNT FOUR
UNJUST ENRICHMENT**
(TSP and Mr. Pearson ("Counterclaim Defendants"))

33. **SMP** reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Plaintiffs repeats each and every response to the allegations in paragraphs 1 through 32 above as if fully set forth herein.

34. SMP referred clients to Counterclaim Defendants through its agents for which Counterclaim Defendants are believed to have made hundreds of thousands of dollars.

**RESPONSE:** Mr. Pearson and TSP admit that TSP earned fees from SMP's referral of clients. Plaintiffs deny the remaining allegations of this paragraph.

35. Counterclaim Defendants have failed to compensate SMP for these referrals as they promised to do in the Referral Fee Agreement (Plaintiff's Exh. B to the Complaint).

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

36. Counterclaim Defendants have knowingly accepted the benefit of an unknown amount of advance tax planning fees from SMP agent-referred clients for whom Counterclaim Defendants failed to compensate SMP.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

37. Due to Counterclaim Defendants' realization of these fees due to SMP's efforts, it would be unjust and inequitable to allow them to retain these amounts without paying SMP the fees they agreed to pay.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

38. Accordingly, SMP has been damaged by Counterclaim Defendants' retention of and failure to account for these amounts, in an amount to be proven at trial.

**RESPONSE:** Mr. Pearson and TSP deny the allegations of this paragraph.

## **PRAYER FOR RELIEF**

Plaintiffs deny that SMP is entitled to its request for judgment against Plaintiffs, and denies that SMP is entitled to its prayer for relief on pages 20 through 21 of its Counterclaims.

## **AFFIRMATIVE DEFENSES**

Plaintiffs assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

SMP's claims fail, in whole or in part, to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

SMP's claims are barred, in whole or in part, because at all times Plaintiffs acted in good faith.

### THIRD AFFIRMATIVE DEFENSE

SMP's claims are barred, in whole or in part, because he failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

SMP's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

SMP's claims for relief are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, and laches.

### SIXTH AFFIRMATIVE DEFENSE

SMP's claims are barred, in whole or in part, by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

SMP's claims are barred, in whole or in part, by the applicable statute of frauds.

### EIGHTH DEFENSE

SMP's claims are barred by waiver or release.

### NINTH DEFENSE

SMP's claims are barred, in whole or in part, for the reasons stated in the Complaint.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Plaintiffs reserve the right to amend its responses to add any additional defenses as additional facts become known to it, upon amendment of the underlying claims, or upon discovery of additional facts and information. As SMP's claims against Plaintiffs fail to state a cause of action and/or are barred, Plaintiffs are the prevailing party and therefore the Court should enter a judgment in its favor.

**WHEREFORE**, having fully answered the complaint herein, Plaintiffs prays the Counterclaims be dismissed with costs and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Aaron M. Herzig*
Aaron M. Herzig (0079371)
Jada M. Colon (0099048)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
aherzig@taftlaw.com
jcolon@taftlaw.com

*Attorneys for Plaintiffs*

Of Counsel:

Matthew Seifert
Scioto Law, LLC
613 Chillicothe Street
Portsmouth, OH
Phone: (740) 357-9255
Matt@SciotoLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                     */s/ Aaron M. Herzig*
                                                    Aaron M. Herzig